IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ADAM ANKELE** : | | |
|     **Plaintiff** : | | CIVIL ACTION |
| : | | No. 02-4004 |
| v. : | | |
| : | | |
| **MARCUS HAMBRICK** : | | |
|     **Defendant** : | | |
| : | | |

## ORDER

**AND NOW**, this 12th day of May, 2003, after holding a pre-trial conference with counsel, the Court hereby **ORDERS** the following:

1. Upon consideration of Defendant's Motion in Limine [Doc. # 14], Defendant's Supplemental Motion in Limine [Doc. # 15], Plaintiff's Brief in Opposition thereto [not docketed, submitted directly to Court], and Defendant's Response to Plaintiff's Memorandum in Opposition to Defendant's Motion [Doc. # 25], Defendant's Motions are **DENIED IN PART** and **GRANTED IN PART** accordingly:

   A. Defendant's motion to exclude Defendant's personnel file is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff will be permitted to enter into evidence, with appropriate redaction, the narrative portion of Defendant's performance evaluation for the period 6/01 to 6/02 that discusses the incident at issue in this case. In all other respects, Plaintiff is precluded from mentioning, referring to, or introducing into evidence Defendant's personnel file;

   B. Defendant's motion is **DENIED** insofar as it seeks to exclude the testimony of Jonathan Christman;[1]

---

[1] Defendant contends that Plaintiff failed to identify Mr. Christman as a potential witness during discovery. Because Defendant was well aware of Mr. Christman's role in the central incident that is the subject of this case, the Court stated at the pre-trial conference that it would deny Defendant's motion, but granted Defendant leave to depose Mr. Christman in advance of trial.

      C.      Defendant's motion is **DENIED WITHOUT PREJUDICE** insofar as it seeks to exclude "court orders and transcripts in the criminal and license suspension cases" and "license suspension appeal documents";[2]

      D.      Defendant' motion is **DENIED** insofar as it seeks to exclude Plaintiff's legal fees as an element of his alleged damages claim;[3]

2. Upon consideration of Plaintiff's Motion in Limine [Doc. # 17], and Defendant's Response thereto [Doc. # 27], Plaintiff's Motion is **GRANTED**. Defendant is precluded from mentioning, referring to, or introducing into evidence any previous conviction of Plaintiff for driving under the influence.

3. Defendant's Motion for Reconsideration [Doc. # 22] is **GRANTED IN PART** and **DENIED IN PART**.[4]

---

[2] Defendant initially objected to these documents because Plaintiff failed to sufficiently identify them by name or otherwise. At the pre-trial conference, the Court directed Plaintiff to provide Defendant with an index listing the specific documents referred to by these general descriptions. Plaintiff complied, and Defendant then filed his First Supplemental Motion In Limine [Doc. # 26], which deals with these documents more specifically. The Court will issue a ruling on Defendant's First Supplemental Motion in Limine in a separate Order.

[3] See, e.g., Barlow v. Ground, 943 F.2d 1132, 1136-37 (9th Cir. 1991) (holding plaintiff who proves that police arrested him without probable cause can recover compensatory damages incurred, including reasonable attorney fees, "unless the prosecutor's decision to file charges is such an independent judgment that it is considered the proximate cause of the subsequent criminal proceedings"); Hale v. Fish, 899 F.2d 390 (5th Cir. 1990); see also Albright v. Oliver, 510 U.S. 266, 289-90 (1994) (Souter, J., concurring) (injuries such as "financial expense of [a] legal defense" have not "been treated by the Courts of Appeals as beyond the ambit of compensability under the general rule of 42 U.S.C. § 1983 liability for a seizure unlawful under Fourth Amendment standards").

[4] The basis for the Court's decision will be outlined in a subsequent Memorandum and Order if necessary. However, the Court provides the following observations in order to aid the parties in preparing for trial.
    A motion for reconsideration may be granted if (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. See N. River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995). Plaintiff has not filed any response to Defendant's motion.
    In a May 7, 2003 Memorandum Opinion and Order, this Court denied Defendant's Motion for Summary Judgment insofar as it sought to dismiss Plaintiff's Fourteenth Amendment claim. The Court's decision reasoned that Plaintiff had alleged a constitutional violation under Brady v. Maryland, 373 U.S. 83 (1963) when he alleged that Defendant had discarded

exculpatory breath test results. Defendant moves to reconsider that portion of the Court's decision, arguing that under Strickler v. Greene the alleged exculpatory evidence is only constitutionally material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." 527 U.S. 264, 280. Defendant contends that because Plaintiff was not convicted for driving under the influence, and because he prevailed at his license revocation hearing, there can be no Brady violation, and thus the Fourteenth Amendment claim should be dismissed.

The Court agrees that the articulated basis for its decision was erroneous as a matter of law, and therefore Plaintiff cannot proceed with his § 1983 action on a theory grounded in Brady. However, as was discussed at the pre-trial conference with counsel, Plaintiff may be able to prevail on a very similar theory. Specifically, the allegations in his Complaint, the record evidence, and his other filings with the Court suggest that Plaintiff may proceed under a § 1983 claim for malicious prosecution.

"A person can be liable for malicious prosecution if he fails to disclose exculpatory evidence to prosecutors, makes false or misleading reports to the prosecutor, omits material information from the reports, or otherwise interferes with the prosecutor's ability to exercise independent judgment in deciding whether to prosecute." Telepo v. Palmer Township, 40 F. Supp. 2d 596, 610 (E.D. Pa. 1999) (Robreno, J.) (quotations and citations omitted), aff'd 242 F.3d 371 (3d Cir. 2000) (Table), cert. denied, 532 U.S. 1008 (2001); see also Sanders v. English, 950 F.2d 1152, 1163 (5th Cir. 1992) ("Deliberately concealing or deliberately failing to disclose exculpatory evidence, like 'maliciously tendering false information,' can . . . form the basis for an inference that a defendant police officer acted with malice in initiating and maintaining a prosecution.") (holding district court erred by dismissing malicious prosecution claim against police officer who failed to disclose exculpatory evidence to prosecutor); Vassallo v. Timoney, No. 00-84, 2001 WL 1243517, at *7 n.8 (E.D. Pa. Oct. 15, 2001) ("When a prosecutor elects to proceed, a police officer may be liable for malicious prosecution only if he knowingly or with reckless disregard for the truth concealed exculpatory evidence from or provided false or misleading reports to the prosecutor or otherwise interfered with the prosecutor's ability to exercise independent judgment."), aff'd, 40 Fed. Appx. 734 (3d Cir. 2002) (Table); Cannon v. Montgomery County, No. Civ.A.96-CV-7405, 1998 WL 354999, at *5 (E.D. Pa. June 29, 1998) ("A law enforcement officer may be liable for malicious prosecution only if he conceals exculpatory evidence from or provides false or misleading information to the charging authority or in some other manner interferes with the ability of that individual to exercise independent judgment regarding the guilt or innocence of the accused."), aff'd, 202 F.3d 253 (3d Cir. 1999) (Table).

Most courts have considered § 1983 malicious prosecution claims under the legal standards applicable to the Fourth Amendment. See Telepo, 40 F. Supp. 2d at 609. However, the Third Circuit has stated that a § 1983 claim for malicious prosecution may fall under the rubric of the Fourteenth Amendment, or some other constitutional provision. Torres v. McLaughlin, 163 F.3d 169, 173 (3d Cir. 1998) ("[A] section 1983 malicious prosecution claim may also include police conduct that violates the Fourth Amendment, the procedural due process clause or other explicit text of the Constitution."), cert. denied, 528 U.S. 1079 (2000); see also

It is so **ORDERED**.

**BY THE COURT:**

_____
**CYNTHIA M. RUFE, J.**

---

Donahue v. Gavin, 280 F.3d 371, 383 n.18 (3d Cir. 2002).  This issue has not been briefed by the parties.  However, in the face of precedent suggesting that Plaintiff may proceed on a theory of malicious prosecution under *either* the Fourth *or* Fourteenth Amendment, the Court declines to dismiss outright Plaintiff's Fourteenth Amendment claim.

Finally, Defendant contends that Plaintiff's Fourteenth Amendment claim cannot proceed because he has not suffered a deprivation of life, liberty, or property.  This issue, too, has not been fully briefed, and in the face of relevant precedent to the contrary, the Court will not dismiss Plaintiff's claim on this basis.  See, e.g., Gallo v. Philadelphia, 161 F.3d 217 (3d Cir. 1998); Dorman v. Castro, 214 F. Supp. 2d 299, 308 (E.D.N.Y. 2002); Ogborne v. Brown, No. Civ.A.97-4374, 1999 WL 820869, at *6 (E.D. Pa. Oct. 13, 1999) ("Ogbourne's detention [in a holding cell on two different occasions], however brief, and his obligation to go to court and answer the charges against him constitute a sufficient liberty restraint to satisfy [the liberty deprivation requirement.]"); Kim v. Gant, No. Civ.A.95-2905, 1997 WL 535138, at *3 (E.D. Pa. Aug. 15, 1997) (individuals released on their own recognizance and required to be available for court appearances are sufficiently restrained to constitute deprivation of liberty).