**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| | **:** | |
| **ADAM ANKELE** | **:** | |
| **Plaintiff** | **:** | **CIVIL ACTION** |
| | **:** | **No. 02-4004** |
| **v.** | **:** | |
| | **:** | |
| **MARCUS HAMBRICK** | **:** | |
| **Defendant** | **:** | |
| | **:** | |

**<u>INTERIM SCHEDULING ORDER</u>**

**AND NOW**, this 13th day of May, 2003, after conference with counsel, the Court hereby

enters the following Interim Scheduling Order to govern further proceedings in this case:

1. The trial scheduled for May 13, 2003 is hereby **CONTINUED** until October 21, 2003,

at 10 a.m.

2. Upon consideration of Plaintiff's motion on the record to amend the complaint, and

Defendant's oral opposition thereto, it is hereby **ORDERED** that Plaintiff's Motion is

**GRANTED** pursuant to Fed. R. Civ. P. 15(a) because justice so requires.  Plaintiff shall file an

Amended Complaint, consistent with this Court's prior decisions, within seven (7) days of the

date of this Order.  Defendant shall file a response to Plaintiff's Amended Complaint within

fourteen (14) days thereafter;

3. The parties are hereby granted leave to conduct additional fact discovery regarding the

new claims asserted in Plaintiff's Amended Complaint.  All such discovery shall be completed

on or before August 13, 2003;

4. All dispositive motions directed to any new claims asserted in Plaintiff's Amended

Complaint shall be filed on or before August 29, 2003.  Responses to any such motions shall be

filed on or before September 12, 2003.  The filing of any dispositive motion seeking summary

judgment on Plaintiff's amended Fourteenth Amendment claim, if any, will operate to automatically vacate the Court's prior Orders addressing Plaintiff's Fourteenth Amendment claim as asserted in the initial Complaint;

5.  A final pretrial conference will be held on October 9, 2003, at 3:00 p.m.  At least one of the attorneys for each party shall have the authority to enter into stipulations and to make admissions regarding all matters.

Final pretrial memoranda **shall** be filed pursuant to Local Rule of Civil Procedure 16.1(c) and shall contain **all** items listed in that rule, including the following: a jurisdictional statement; statement (or, in Defendant's memorandum, counterstatement) of the facts of the case; damages computation, or description of other relief sought; list of intended witnesses, designated separately for liability and damages; schedule of exhibits to be offered at trial; estimate of required trial time; and special comments regarding legal issues, stipulations, amendments of pleadings, or other appropriate matters.  Plaintiff **shall** file its pretrial memorandum September 23, 2003.  Defendant **shall** file its pretrial memorandum by October 3, 2003.

In addition to the above, if applicable, each party is required to submit the following in conjunction with the pretrial memoranda: proposed voir dire questions, proposed jury instructions (one point per page), proposed jury interrogatories, a trial memorandum on the legal issues involved in the case, and any motions in limine.  The failure to submit proposed jury instructions may result in the forfeiture of your right to object to omissions in jury charge.  If possible, counsel should provide the Court with copies of the proposed jury instructions and jury interrogatories on 3.5" IBM compatible computer diskettes, in a format readable by WordPerfect 9.  If this is a non-jury trial, each party is required to submit proposed findings of fact and

conclusions of law on the date on which its pretrial memorandum is due.

In preparation for the final pretrial conference, counsel are expected to communicate with each other on the following matters in an effort to reach agreement or, if agreement is not possible, to submit, the precise points in dispute, in writing, in a joint statement on the following: (a) agreed upon and disputed facts; (b) objections to any proposed witnesses; (c) objections to any proposed exhibits (including objections to genuineness and authenticity); (d) objections to any depositions to be read at trial; (e) disputed legal issues; (f) amendments to pleadings; (g) stipulated to and disputed points for charge; (h) verdict sheet and special interrogatories; and (i) number of days required for trial.

It is so **ORDERED**.

**BY THE COURT:**

_____

**CYNTHIA M. RUFE, J.**