IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADAM ANKELE | : |
|     Plaintiff | :    CIVIL ACTION |
| | : |
| vs. | :    NO. 02-4004 |
| | : |
| MARCUS HAMBRICK, | : |
|     Defendant | :    JURY TRIAL DEMANDED |

## AMENDED COMPLAINT

1. The Plaintiff, Adam Ankele, is an adult individual residing at 6811 Lentz Road, New Tripoli, Lehigh County, Pennsylvania 18066.

2. The Defendant, Marcus Hambrick, is a Pennsylvania State Trooper stationed at the Fogelsville Barracks, with offices at 8320 Schantz Road, Fogelsville, Lehigh County, Pennsylvania 1806.

## JURISDICTION

3. This Honorable Court has jurisdiction over this matter pursuant to its Federal question jurisdiction, and 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

4. At all times herein relevant to this Complaint, Defendant, Marcus Hambrick, was acting in his capacity as a Pennsylvania State Trooper and under color of the law of Pennsylvania.

1

## COUNT ONE:  ILLEGAL ARREST

5. The allegations of Paragraphs 1 through 4 inclusive are incorporated herein as if fully et forth at length.

6. On or about February 12, 2001, Defendant placed Plaintiff under arrest for driving while intoxicated.

7. Defendant had no probable cause or reason to believe that Plaintiff had driven while intoxicated.

8. In fact, Defendant had actual knowledge that Plaintiff was not intoxicated, because Defendant administered a Breathalyzer test to the Plaintiff multiple times.

9. Defendant destroyed these exculpatory Breathalyzer test results so Plaintiff could not use them as evidence on his behalf.

10. Plaintiff sustained damage as a direct and proximate result of Defendant's illegal arrest of him, including loss of freedom, out-of-pocket costs to defend himself, inconvenience, shock, alarm, distress, humiliation, and stress, for which damages are claimed.

11. Defendant's conduct was intentional, willful, wanton, malicious and outrageous entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff demands that judgment be entered in his favor and against Defendant in an amount in excess of $75,000.00 in addition to interest, costs of suit, and reasonable attorney's fees.

## COUNT TWO: ILLEGAL ARREST
### (Stricken By The Court)

12. Paragraphs 10 through 12 of the original Complaint were dismissed by the Court.

## COUNT THREE: MALICIOUS PROSECUTION
### (License Suspension)

13. The allegations of Paragraphs 1 through 12 inclusive are incorporated herein as if fully set forth at length.

14. In order to conceal his destruction of Plaintiff's exculpatory breath test results, Defendant claimed that Plaintiff refused to submit to a chemical test.

15. In fact, Plaintiff did submit to multiple chemical breath tests at Defendant's insistence.

16. Defendant made this false claim for the purpose of continuing with a criminal prosecution not supported by probable cause and in order to use PennDot to suspend Plaintiff's driver's license.

17. Plaintiff contested Defendant's contention that Plaintiff refused to submit to chemical testing at a license suspension appeal hearing before the Lehigh County Court of Common Pleas.

18. Defendant offered perjured testimony at the License Suspension Appeal hearing for the purpose of depriving Plaintiff of his driver's license.

19. Defendant later recanted his perjured testimony offered at the License Suspension Appeal hearing.

20. At all relevant times, Defendant failed to disclose this exculpatory evidence to the prosecution, PennDot, and attorneys representing PennDot, made false and misleading reports both to prosecution and PennDot, omitted material information from his report, and otherwise interfered with PennDot's ability to exercise independent judgment in deciding to suspend Plaintiff's driving privileges.

21. Even after Defendant had positive evidence that his testimony at the license suspension hearing was absolutely wrong, the Defendant failed to request that the license suspension appeal be granted, and instead still maintained that Plaintiff's license should be suspended.

22. The Court sustained Plaintiff's appeal to his proposed Driver's License Suspension, and Plaintiff kept his driver's license.

23. The conduct of the Defendant was in violation of Plaintiff's rights to liberty under the Fourth and Fourteenth Amendments to the United States Constitution.

24. As a result of Defendant's egregious behavior, Plaintiff suffered shock, inconvenience, alarm, and out-of-pocket costs to defend himself from Defendant's actions.

25. As a result of Defendant's willful, wanton, and reckless misconduct in offering false testimony for an improper purpose, Plaintiff is entitled to punitive damages, that are hereby claimed.

WHEREFORE, Plaintiff demands that judgment be entered in his favor and against Defendant in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, in addition to interest, costs of suit, and reasonable attorney fees.

### COUNT FOR: MALICIOUS PROSECUTION
**(Illegal Arrest and Destruction of Exculpatory Evidence)**

26. The allegations of Paragraphs 1 through 25 inclusive are incorporated herein as if fully set forth at length.

27. The initiation of the arrest, and the continuation of the prosecution by the Defendant constituted malicious prosecution in violation of the Fourth and Fourteenth Amendments to the United States Constitution in that the Defendant failed to disclose exculpatory evidence to prosecutor, made false or misleading reports to prosecutor, omitted material information from reports, and otherwise interfered with the ability to exercise independent judgment in deciding whether or not to prosecute.

28,. In particular, the Defendant's conduct constituted malicious prosecution in the following particulars:

    A) In arriving at the accident scene without any intention of conducting an investigation;

    B) In arresting and handcuffing Plaintiff when Defendant admits that there was no probable cause to arrest the Plaintiff;

    C) In failing to conduct a Full Sobriety Test at the scene;

    D) In failing to take the Plaintiff to the DUI Center where the Plaintiff would be videotaped and blood sampling done;

E) In electing to use a breathalyzer instead of blood test;

F) In destroying exculpatory evidence produced by the breathalyzer;

G) In failing to take Plaintiff to the DUI Center after the administration of the breathalyzer;

H) In failing to advise Plaintiff that he had the option of giving a blood sample;

I) In charging Plaintiff with Hit and Run where the Plaintiff was at the accident scene out of his car when the Defendant arrived;

J) In continuing with the prosecution without a blood sample and without a printout from the breathalyzer that Plaintiff refused the test;

K) In making the patently false claim that the breathalyzer sometimes prints out a receipt indicating inadequate sample, and sometimes it does not;

L) In covering up his initial error in arresting the Plaintiff without probable cause by making false reports of a refusal.

29. The conduct of the Defendant was in violation of Plaintiff's rights to liberty under the Fourth and Fourteenth Amendments to the United States Constitution.

30. As a result of defendant's egregious behavior, Plaintiff suffered shock, inconvenience, alarm, and out-of-pocket costs to defend himself from Defendant's actions.

31. As a result of Defendant's willful, wanton, and reckless misconduct in offering false testimony for an improper purpose, Plaintiff is entitled to punitive damages that are hereby claimed.

WHEREFORE, Plaintiff demands that judgment be entered in his favor and against Defendant in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, in addition to interest, costs of suit and reasonable attorney fees.

ORLOSKI, HINGA, PANDALEON & ORLOSKI

_____
Richard J. Orloski
Attorney for Plaintiff
111 N. Cedar Crest Blvd.
Allentown, PA 18104-4602
610 433-2363
Attorney ID# 09857