IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ADAM ANKELE                    :     CIVIL ACTION

        Plaintiff             :

    v.                        :

MARCUS G. HAMBRICK,            :

        Defendant.            :     NO.  02-4004

## ORDER

AND NOW, this      day of      2003, upon consideration of Defendant's Motion in Limine and Plaintiff's response thereto, if any, it is hereby ORDERED that the Motion is GRANTED.

IT IS FURTHER ORDERED that Plaintiff is precluded from introducing plaintiff's proposed trial exhibits P-6, P-7, P-8, P-9, P-10, and P-11.

BY THE COURT:

_____
                                J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ADAM ANKELE                    :    CIVIL ACTION

     Plaintiff           :

  v.                           :

MARCUS G. HAMBRICK,            :

     Defendant.          :    NO.  02-4004

### <u>DEFENDANT'S MOTION IN LIMINE</u>

Defendant Trooper Hambrick hereby moves to preclude plaintiff from introducing proposed exhibits P-6, P-7, P-8, P-9, P-10, and P-11.

**P-6:** This proposed exhibit is irrelevant and misleading to the Court as well as the jury since plaintiff's license was never suspended.  By letter dated May 3, 2001, Mr. Ankele was advised that his license was not suspended pending his appeal.  Even if the document had any relevance, it would be unduly prejudicial to the defendant and would cause undue delay at trial, as well as confuse the jury. Fed.R.Evid. 401, 403, 404.

**P-7 and P-8:** These documents are not relevant to or probative of the issues in this case.  Moreover, and even if the documents had any relevance, they would only serve to confuse and mislead the jury, cause undue delay, and prejudice the defendant. Fed.R.Evid. 401, 403, 404.

**P-9:** Plaintiff has not provided the actual statement of fees incurred or proof of payment.  Even so, legal fees incurred by

plaintiff in the state proceedings are not a cognizable element of alleged damages in an action alleging false arrest, and as a result, plaintiff should be precluded from testifying or introducing evidence as to the same. <u>Hector v. Watt</u>, 235 F.3d 154, 155-56 (3d Cir. 2001).

**P-10 and P-11:** Plaintiff's employee performance reviews contain hearsay statements which are not probative of the issues in this case and which will only delay trial, mislead the jury, and prejudice the defendant. Fed.R.Evid. 401 and 403.

For the reasons set forth herein, defendant's motion in limine should be granted.

Respectfully submitted,

D. MICHAEL FISHER
ATTORNEY GENERAL


BY: <u>ss/Theodore E. Lorenz</u>
Theodore E. Lorenz
Deputy Attorney General
Identification No. 67795

OFFICE OF ATTORNEY GENERAL
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107-3603
Telephone: (215) 560-2982

### <u>CERTIFICATE OF SERVICE</u>

I, Theodore E. Lorenz, Deputy Attorney General, hereby certify that Defendant's Motion in Limine was filed electronically with the Clerk's Office on October 3, 2003 and is available for viewing and downloading on the Court's Electronic Case Filing System ("ECF"), with a copy sent by regular mail, postage prepaid, to:

> Richard Orloski, Esq.
> Orloski, Hinga, Pandaleon & Orloski
> 111 North Cedar Grest Blvd.
> Allentown, PA 18104-4602

                              D. MICHAEL FISHER
                              ATTORNEY GENERAL


                         BY:  <u>ss/Theodore E. Lorenz</u>
                              Theodore E. Lorenz
                              Deputy Attorney General
                              Identification No. 67795

Office of Attorney General
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107-3603
Telephone No. 215-560-2982